1

2

3

4

5

6

7         IN THE UNITED STATES DISTRICT COURT FOR THE

8              EASTERN DISTRICT OF CALIFORNIA

9

JOE HAND PROMOTIONS, INC.,            )        1:11cv02030 LJO DLB
10                                    )
                                       )
11                                    )        FINDINGS AND
                                       )        RECOMMENDATIONS
12                                    )        REGARDING PLAINTIFF'S
            Plaintiff,                 )        MOTION TO STRIKE
13                                    )        AFFIRMATIVE DEFENSES
         vs.                           )
14                                    )        (Document 8)
RICHARD JESUS GARCIA,                 )
15                                    )
                                       )
16                                    )
            Defendant.                 )
17 _____ )

18        On February 29, 2012, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed the instant

19   motion to strike the affirmative defenses of Defendant Richard Jesus Garcia, individually and d/b/a

20   Guadalajara Mexican Restaurant ("Defendant").  The motion was referred to this Court pursuant to

21   28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court deemed the matter suitable for decision

22   without oral argument pursuant to Local Rule 230(g).

23                    **FACTUAL AND PROCEDURAL BACKGROUND**

24        Plaintiff filed this action on December 8, 2011.  The complaint alleges violations of 47

25   U.S.C. § 605 and 47 U.S.C. § 553, as well as state law causes of action for conversion and violation

26   of Business and Professions Code section 17200, et seq.  The allegations are based on Defendant's

27   alleged unlawful interception, reception, and exhibition of "Ultimate Fighting Championship 124:

28                                         1

1  Georges St. Pierre v. Josh Koscheck" ("Program"), which was telecast on December 11, 2010.

2       On February 9, 2012, Defendant filed an answer to the complaint containing 14 affirmative

3  defenses.

4       Plaintiff filed a motion to strike the affirmative defenses on February 29, 2012.

5       Defendant did not oppose the motion.

6  **DISCUSSION**

7  A.    Legal Standard

8       Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading any

9  "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous."

10  Fed. R. Civ. P. 12(f).  "[O]nly pleadings are subject to motions to strike."  See Sidney-Vinstein v.

11  A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

12       The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money

13  that must arise from litigating spurious issues by dispensing with those issues prior to trial."

14  Sidney-Vinstein, 697 F.2d at 885.  However, "[m]otions to strike are disfavored and infrequently

15  granted."  Neveau v. City of Fresno, 392 F.Supp.2d 1159, 1170 (E.D. Cal. 2005) (citations omitted).

16  A motion to strike "'should not be granted unless it is clear that the matter to be stricken could have

17  no possible bearing on the subject matter of the litigation.'"  Id. (quoting Colaprico v. Sun

18  Microsystems, Inc., 758 F.Supp. 1335, 1339 (N.D. Cal. 1991)).  Indeed, when ruling on a motion to

19  strike, the "court[ ] may not resolve disputed and substantial factual or legal issues. . ."  Whittlestone,

20  Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation omitted).

21  B.    Analysis

22       1.    Defenses that Do Not Qualify as Affirmative Defenses

23       "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which

24  deny plaintiff's right to recover, even if the allegations of the complaint are true."  Fed. Deposit Ins.

25  Corp. v. Main Hurdman, 655 F.Supp. 259, 262 (E.D.Cal.1987).  In contrast, denials of the

26  allegations in the complaint or allegations that the plaintiff cannot prove the elements of his claim

27  are not affirmative defenses.  G & G Closed Circuit Events, LLC v. Nguyen, 2010 WL 3749284, at

28  2

1  *5 (E.D.Cal. Sept.23, 2010).  Here, Plaintiff argues that several defenses asserted by Defendant do

2  not actually constitute affirmative defenses.

3              a.   *First Affirmative Defense (Failure to State a Claim)*

4        Defendant's First Affirmative Defense asserts that Plaintiff fails to state facts sufficient to

5  constitute a cause of action against Defendant.  Failure to state a claim is an assertion of a defect in

6  Plaintiff's prima facie case, not an affirmative defense.  Barnes v. AT & T Pension Benefit Plan, 718

7  F.Supp.2d 1167, 1174 (N.D.Cal.2010) (citing Boldstar Tech., LLC v. Home Depot, Inc., 517

8  F.Supp.2d 1283, 1291 (S.D.Fla.2007) ("Failure to state a claim is a defect in the plaintiff's claim; it

9  is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie

10  case. Therefore, it is not properly asserted as an affirmative defense.")).  Accordingly, Defendant's

11  First Affirmative Defense should be STRICKEN.

12              b.   *Second Affirmative Defense (Individual Liability)*

13        Defendant's Second Affirmative Defense states that Defendant cannot be held "individually

14  liable for actions, if any, of other individuals," and Defendant did not reap any commercial profit

15  from any alleged violation.  This is essentially an argument that Plaintiff's complaint is insufficiently

16  pled for purposes of a claim against Defendant in his individual capacity.  Defendant can raise this

17  defense, but it is not an affirmative defense in a technical sense.  Barnes, 718 F.Supp.2d at 1173-74.

18  Defendant's Second Affirmative Defense should be STRICKEN.

19              c.   *Third Affirmative Defense (Duplicative Recovery)*

20        Defendant's Third Affirmative Defense asserts that Plaintiff cannot recover statutory

21  damages under Section 553 or Section 605, and recover damages for conversion.  This is an assertion

22  that Plaintiff's recovery for conversion would be duplicative of damages awarded under Sections 553

23  or 605, and the conversion claim is not viable for that reason.  Defendant is free to raise this as a

24  defense during the litigation, but it is not accurately characterized as an affirmative defense.

25  Abou–Khadra v. Mahshie, 4 F.3d 1071, 1079 n. 7 (2d Cir.1993) (defense that damages cannot be

26  awarded for both breach of release and underlying claim is an argument about the propriety of an

27  award of full damages on mutually exclusive claims rather than an affirmative defense).  Defendant's

28

1   Third Affirmative Defense should be STRICKEN.

2             d.    *Fourth Affirmative Defense (No Recovery Under Both 553 and 605)*

3        Defendant's Fourth Affirmative Defense states that Plaintiff cannot recover damages under

4   both Sections 553 and 605.  As Plaintiff argues, this is ultimately a denial of Plaintiff's right to

5   recover and is not properly asserted as an affirmative defense.  Therefore, Defendant's Fourth

6   Affirmative Defense should be STRICKEN.

7             e.    *Fifth Affirmative Defense (No Cable System)*

8        Defendant's Fifth Affirmative Defense asserts that Defendant cannot be liable as a matter of

9   law under Section 605 because there was no cable system at the establishment.  Plaintiff asserts that,

10  if proven, this may be a defense to liability, but it is not a viable affirmative defense.

11       This is essentially a claimed deficiency in Plaintiff's prima facie case under Section 605.

12  Flay–O–Rich v. Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir.1988) (recognizing that a

13  defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense).

14  Defendant is not precluded from raising this issue as part of his defense of liability under Section

15  605, but it is not an affirmative defense.  Accordingly, Defendant's Fifth Affirmative Defense should

16  be STRICKEN.

17            f.    *Sixth Affirmative Defense (Damages Caused by Others)*

18       Defendant's Sixth Affirmative Defense states that any damages to Plaintiff were not caused

19  by Defendant, but were the result of Plaintiff's own actions or breaches, or the acts of third parties

20  over which Defendant has no control.  This is simply an attack on the prima facie elements of

21  Plaintiff's claim and is not an affirmative defense.  Flay–O–Rich, 846 F.2d at 1349.  Further, even

22  assuming it is an affirmative defense, the defense itself is insufficiently pled.  Defendant's Sixth

23  Affirmative Defense should be STRICKEN.

24            g.    *Seventh Affirmative Defense (Excessive Damages)*

25       The Seventh Affirmative Defense asserts that the damages assessed should be "constrained

26  by the 'per person' valuation method and capped at $50.00 per person or a similarly modest sum, or

27  denied entirely."  Plaintiff correctly argues that this affirmative defense attacks the method of

28                                                      4

1   calculating damages that may ultimately be awarded—it does not prevent Plaintiff from recovering

2   and, thus, does not actually constitute an affirmative defense.  Flay–O–Rich, 846 F.2d at 1349.

3   Defendant's Seventh Affirmative Defense should be STRICKEN.

4           h.      *Tenth Affirmative Defense (No Basis for Conversion Damages)*

5           The Tenth Affirmative Defense states that a broadcast signal is not the proper subject of a

6   claim for conversion under California law.  This is essentially an allegation that Plaintiff's claim for

7   conversion is defective and cannot comprise a claim for which relief can be granted.  This does not

8   constitute an affirmative defense.  Flay–O–Rich, 846 F.2d at 1349 (recognizing that a defense which

9   points out a defect in the plaintiff's prima facie case is not an affirmative defense).  Therefore,

10  Defendant's Tenth Affirmative Defense should be STRICKEN.

11          i.      *Twelfth Affirmative Defense (Reservation of Defenses)*

12          Defendant's Twelfth Affirmative Defense reserves the right to amend his affirmative

13  defenses.  "An attempt to reserve affirmative defenses for a future date is not a proper affirmative

14  defense in itself.  Instead, if at some later date defendant[ ] seek[s] to add affirmative defenses, [he]

15  must comply with Rule 15 of the Federal Rules of Civil Procedure."  Solis v. Zenith Capital, LLC,

16  2009 WL 1324051, *7 (N.D.Cal. May 8, 2009); J & J Sports Prods. Inc. v. Mendoza–Govan, 2011

17  WL 1544886, *7 (N.D.Cal., Apr. 25, 2011). Defendant's Twelfth Affirmative Defense should be

18  STRICKEN.

19          2.      Defense Insufficiently Pled

20          a.      *Ninth Affirmative Defense (Unjust Enrichment)*

21          The Ninth Affirmative Defense asserts that Plaintiff would be unjustly enriched if awarded

22  the relief sought in the complaint.  Plaintiff contends that this statement is insufficient because it

23  merely references the doctrine of unjust enrichment, and it does not explain how Plaintiff would be

24  unjustly enriched.

25          "The key to determining the sufficiency of pleading an affirmative defense is whether it gives

26  plaintiff fair notice of the defense."  Wyshak, 607 F.2d at 827 (citations omitted).  "The fair notice

27  pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff

28                                                          5

1    was not a victim of unfair surprise." Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir.1999)

2    (internal quotation marks and citations omitted).

3         Plaintiff argues that the heightened pleading standard set forth in Bell Atlantic Corp. v.

4    Twombly, 550 U.S. 544, 555 (2007), and clarified in Ashcroft v. Iqbal, 556 U.S. 662 (2009), is

5    applicable to the sufficiency of affirmative defenses.  Whether this standard applies to affirmative

6    defenses has not yet been tested in the Ninth Circuit and the Court need not reach the issue here.

7         Even under the lower standard of Wyshak, the Court finds that this defense is insufficiently

8    pled.  There are simply no facts or theories pled as to how Plaintiff will be unjustly enriched if

9    awarded the damages sought.  See Qarbon.com Inc. v. eHelp Corp., 315 F.Supp.2d 1046, 1049–50

10   (N.D.Cal.2004) (striking affirmative defenses of waiver and estoppel where defendant failed to

11   provide any factual basis for the defenses).  Defendant's Ninth Affirmative Defense should be

12   STRICKEN.

13        3.    Defendants Insufficient As a Matter of Law

14             a.    *Eighth Affirmative Defense (Failure to Mitigate)*

15        In the Eighth Affirmative Defense, Defendant asserts that Plaintiff's claims are barred to the

16   extent that it failed to mitigate damages.  This defense, however, is irrelevant to the causes of action

17   asserted in the complaint.  J & J Sports Productions, Inc. v. Coyne, 2011 WL 227670, *2 (N.D. Cal.

18   2011).  Defendant's Eighth Affirmative Defense should be STRICKEN.

19             b.    *Eleventh Affirmative Defense (Defendant Unaware)*

20        The Eleventh Affirmative Defense states that Defendant was not aware, and had no reason to

21   believe, that his acts constituted any violation of the law.  Plaintiff asserts that this is legally

22   insufficient because ignorance of the law is not a proper defense.

23        To the extent that this affirmative defense asserts ignorance of the law, it is not a defense to

24   liability.  United States v. Fierros, 692 F.2d 1291, 1294 (9th Cir.1982); J & J Sports Prods., Inc. v.

25   Enedina Soto, 2010 WL 3911467, *2 (S.D.Cal. Sept.28, 2010) (striking "mistake of law" affirmative

26   defense because "even if Defendants can show they did not know they were violating the law, their

27   liability is not excused").  Accordingly, the Eleventh Affirmative Defense should be STRICKEN.

28

                                                    6

1    c.    *Thirteenth Affirmative Defense (Statute of Limitations)*

2    Defendant's affirmative defense that Plaintiff's claims are outside the applicable statute of

3    limitation is insufficient.

4    The statute of limitations for violations of 47 U.S.C. §§ 605 and 553 is one year.  DirecTV,

5    Inc. v. Webb, 545 F.3d 837, 847–48 (9th Cir.2008).  The statute of limitations for conversion in

6    California is three years.  Cal. Civ. Pro.Code § 338(c).  The statute of limitations for claims under

7    the Unfair Competition Law is four years.  Cal. Bus. & Prof. Code § 17208.  Less than one year has

8    elapsed between the violations allegedly committed on December 11, 2010, and the date the

9    complaint was filed, December 8, 2011.  While at this stage of the litigation the Court cannot

10   conclude that the claims are all definitively timely under the applicable statutes of limitations, this

11   defense, as pled, is insufficient.  There is no theory offered or facts pled giving Plaintiff notice of

12   how, given the allegations of the complaint and the date the complaint was filed, Plaintiff's action is

13   outside the applicable statutes of limitations.  Therefore, Defendant's Thirteenth Affirmative defense

14   that Plaintiff's claims are barred by the applicable statutes of limitations should be STRICKEN.

15   4.    Immaterial and Impertinent Defense

16   a.    *Fourteenth Affirmative Defense (Lawful License)*

17   The Fourteenth Affirmative Defense asserts that Defendant obtained what he believed to be a

18   lawful license to broadcast the subject program when it was purchased through DirecTV.  Plaintiff

19   argues that the defense has no relevance, and, even if it did, the complaint alleges that Defendant was

20   not a licensee of the program—thus, this defense merely attacks the allegations of the complaint.  As

21   Sections 553 and 605 impose strict liability, a mistake with regard to the license is not a fact that

22   would preclude liability.  Thus, this defense is irrelevant and should be STRICKEN.

23   **RECOMMENDATION**

24   Based on the above, this Court recommends that Plaintiff's motion to strike Defendant's

25   affirmative defenses be GRANTED and that affirmative defenses One through Fourteen be

26   STRICKEN.

27

28
                              7

1    These Findings and Recommendations are submitted to the district judge assigned to this

2  action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local

3  Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written

4  objections to these findings and recommendations with the Court and serve a copy on all parties.

5  Such a document should be captioned "Objections to Magistrate Judge's Findings and

6  Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days

7  after service of the objections.  The District Judge will then review these findings and

8  recommendations pursuant to 28 U.S.C. § 636(b)(1).  The parties are advised that failure to file

9  objections within the specified time may waive the right to appeal the District Court's order.

10  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11    IT IS SO ORDERED.

12    **Dated:   April 23, 2012**          **/s/ Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28