# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No. 1:11-cv-02030-LJO-SAB |
| Plaintiff, | ORDER RE MOTION FOR ATTORNEYS' FEES |
| v. | ECF NO. 18 |
| RICHARD JESUS GARCIA, | |
| Defendant. | |

On November 20, 2013, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed a motion for attorney fees and costs. (ECF No. 18.) No party has filed an opposition to Plaintiff's motion.

For the reasons set forth below, the Court will order Plaintiff to file supplemental briefing in support of its motion for attorneys' fees and will vacate the hearing on Plaintiff's motion currently scheduled for January 8, 2014.

## I.

## BACKGROUND

Plaintiff filed the complaint in this action against Defendant Richard Jesus Garcia ("Defendant") on December 8, 2011. (ECF No. 1.) Plaintiff alleged that it possessed the exclusive rights for the closed-circuit distribution of the Ultimate Fighting Championship 124: Georges St. Pierre v. Josh Koscheck ("the Program") broadcasted on Saturday, December 11, 2010. Plaintiff further alleged that Defendant displayed the program at his commercial

1

establishment without authorization.

On November 5, 2013, the Court granted summary judgment in Plaintiff's favor.  (ECF No. 17.)  Plaintiff's motion for summary judgment was unopposed.  Plaintiff now moves for an award of attorneys' fees.

## II.
## LEGAL STANDARDS

Plaintiff requests attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).  Section 605 authorizes private civil actions against persons who intercept radio or wire communications.  Section 605(e)(3)(B)(iii) further authorizes the recovery of full costs, including attorneys' fees, to the prevailing party in a Section 605 action.

## III.
## DISCUSSION

Judgment was entered in favor of Plaintiff with respect to its Section 605 claim.  Accordingly, full costs and attorneys' fees pursuant to Section 605(e)(3)(B)(iii) are appropriate.

Section 605(e)(3)(B)(iii) permits the recovery of "reasonable" attorneys' fees.  Plaintiff requests $987.81 in costs and $6,931.25 in attorneys' fees.  Plaintiff's timesheets indicate that Thomas P. Riley, the lead attorney, worked 3.10 hours at $450.00 per hour, a research attorney worked 10 hours at $300.00 per hour, a paralegal worked 8.5 hours at $150.00 per hour, and an administrative assistant worked for 10.4 hours at $75.00 per hour.  The timesheets also indicate that a timekeeper identified only as "ASC" worked 1.75 hours at $275.00 per hour.

Plaintiff provides no explanation of who "ASC" is, be it an attorney, paralegal, assistant, or other type of professional.  Accordingly, the Court will order Plaintiff to file supplemental briefing that identifies "ASC."

Further, the Court notes that Plaintiff's motion fails to present evidence regarding the proper, reasonable hourly rate for attorneys' fees.  Generally speaking, a reasonable hourly rate for attorneys' fees is determined by the prevailing rate within the district.  Camacho v. Bridgeport Financial, Inc. 523 F.3d 973, 979 (2008).  In this case, Plaintiff only provided evidence that the rates used fell within the prevailing market rate within the Central District of

California.  (See Decl. of Pl.'s Counsel Regarding Attorneys' Fees and Costs ¶ 6.)  Plaintiff has not provided evidence of the prevailing rate within this district.  Accordingly, the Court will order Plaintiff to file supplemental briefing that presents evidence on a reasonable hourly rate within this district.

Plaintiff also requests reimbursement of $987.81 in costs, consisting of $650.00 paid to a private investigator, the $350.00 filing fee, and $37.81 in photocopies.  Plaintiff has not provided any explanation of what work the private investigator performed or why a $650.00 private investigator fee is reasonable.  Accordingly, the Court will order Plaintiff to file supplemental briefing that demonstrates why the $650.00 investigator fee is reasonable.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court will order Plaintiff to file supplemental briefing on the issues identified above within thirty (30) days of the date of service of this order.

Accordingly, it is HEREBY ORDERED that:

1. The hearing on Plaintiff's motion for attorneys' fees scheduled for January 8, 2014 is VACATED; and

2. Plaintiff shall file supplemental briefing that identifies the timekeeper identified as "ASC," that presents evidence on the proper hourly rate for fees within this district and that demonstrates why a $650.00 investigator fee is reasonable.  Plaintiff's supplemental brief shall be filed within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **January 6, 2014**

UNITED STATES MAGISTRATE JUDGE